## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| LAUREN PACHECO, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. _____ |
| | ) | |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Lauren Pacheco and hereby files this **Complaint for Damages and Demand for Jury Trial**, respectfully showing the Court as follows:

I.     INTRODUCTION

1.

This is a diversity action brought under the substantive product liability and negligence laws of the State of Georgia seeking recovery for severe personal injuries and resulting damages that Plaintiff Lauren Pacheco sustained when a 2006 Chevrolet Silverado (the "subject Silverado"), in which she was a passenger, experienced a catastrophic roof failure after being struck by another vehicle and rolling over multiple times on November 27, 2020, in Camden County, Georgia.

1

The roof structure of the subject Silverado that collapsed and crushed down onto Plaintiff and caused her severe injuries was designed, manufactured, marketed, and sold by Defendant General Motors LLC's predecessor General Motors Corporation (collectively hereinafter "Defendant GM" or "GM").

2.

Based upon information and belief, but without the benefit of fact discovery and pleading in the alternative as allowed by O.C.G.A. § 9-11-8(e), Plaintiff alleges that: 1)  Defendant GM knowingly, recklessly, and wantonly placed a dangerous and defective vehicle into the stream of commerce; and 2) failed to warn the public, including Plaintiff, of the dangers associated with the defectively designed roof structure and front-occupant compartment of the 2006 Chevrolet Silverado (including but not limited to the roof, pillars, doors, and windows). Defendant GM's tortious, reckless, and wanton conduct proximately caused Plaintiff's damages.

## II.   PARTIES, JURISDICTION, VENUE & SERVICE OF PROCESS

3.

Plaintiff Lauren Pacheco is an adult citizen and resident of the State of North Carolina.  She was catastrophically injured in the State of Georgia on November 27, 2020, when the roof structure of the subject Silverado, in which she was riding

as the front-seat passenger, collapsed onto her.  By filing this action, she avails herself of this Court's jurisdiction.

4.

General Motors LLC's predecessor, General Motors Corporation, was a Delaware corporation headquartered in Detroit, Michigan.  Before its bankruptcy in 2009, General Motors Corporation designed, manufactured, marketed, and sold automobiles, including the 2006 Chevrolet Silverado.  Incorporated in 2009 amid General Motors Corporation's bankruptcy, General Motors LLC bought substantially all of General Motors Corporation's assets – including the Chevrolet brand – and assumed some of its liabilities.  Under the terms of the bankruptcy-sale agreement, General Motors LLC assumed liability for product-liability claims involving crashes that occurred after July 10, 2009.  Because the rollover crash in question occurred after that date, General Motors LLC has assumed liability for the claims asserted herein and is the proper legal entity against which to assert the claim herein related to the negligent design of the 2006 Chevrolet Silverado and the related failure to warn claim.

5.

General Motors LLC, General Motor Corporation's successor in interest, is a Delaware limited liability company headquartered in Detroit, Michigan, that does

substantial business in the State of Georgia.  General Motors LLC is in the

business of designing, manufacturing, producing, marketing, promoting,

advertising, and selling automobiles, including the Chevrolet Silverado.  General

Motors LLC has systematic and continuous contacts with the State of Georgia and

purposefully avails itself of the privilege of conducting activities within the State,

including transacting business in the State, operating multiple outfits in the State,

employing individuals in the State, advertising and marketing throughout the State,

and deriving substantial revenues from business in this State, including from sales

of the Chevrolet Silverado.  General Motors LLC has shipped, or participated in

shipping, the Chevrolet Silverado and other motor vehicles with the knowledge,

intent, and/or reasonable expectation that they would find their way to Georgia

through the stream of commerce.  General Motors LLC may be served with

process through its registered agent in this State, CSC of Cobb County, 192

Anderson Street SE, Suite 125, Marietta, Georgia 30060.  Thus, General Motors

LLC is subject to personal jurisdiction in the State of Georgia in this action where

its product – the 2006 Chevrolet Silverado – caused harm within the State of

Georgia.  General Motors LLC has sufficient minimum contacts with the State of

Georgia so that subjecting it to personal jurisdiction here does not offend

traditional notions of fair play and substantial justice.  Additionally, Plaintiff's

claims, which resulted because of harm that Defendant GM caused within this State, arise out of and directly relate to General Motors LLC's substantial business contacts with and activities in the State of Georgia.  Thus, General Motors LLC is subject to personal jurisdiction within the State of Georgia in the instant matter.

6.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because there is complete diversity of the parties, as the matter in controversy is between citizens of different states.

7.

Venue is proper in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to L.R. 3.1(B)(1)(a) and 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2), because Defendant General Motors LLC, who maintains a registered agent in Cobb County within this Judicial District and Division, is subject to personal jurisdiction in this district and, thus, is deemed to reside in this district.  As outlined above, this Court has personal jurisdiction over Defendant General Motors LLC in this matter where the harm occurred in the State of Georgia because Defendant GM has sufficient minimum contacts with the State of Georgia and it purposefully availed itself of doing business in this State through

its systematic and continuous contacts with the State, including the promotion, sale, marketing, and distribution of its products, including the Chevrolet Silverado, within and throughout the State of Georgia.

### III.    OPERATIVE FACTS

#### *A. The Subject Motor Vehicle Collision*

8.

The motor vehicle collision giving rise to this action occurred on November 27, 2020, just after midnight on Interstate 95 (hereinafter "I-95") Northbound in Camden County, Georgia.  At that time, Plaintiff Lauren Pacheco was properly belted and seated in the front passenger seat in a 2006 Chevrolet Silverado, VIN 1GCEK19B26E272152, (the "subject Silverado") that was being driven by Michael Scott.

9.

As Mr. Scott was traveling north on I-95 at reasonable highway speeds, properly maintaining his lane of travel, and acting prudently and with reasonable care, the subject Silverado was struck near the rear passenger side wheel by a Honda Civic driven by Roither Esbano.  The impact from the Honda Civic caused the subject Silverado to lose directional control and roll over multiple times.

10.

During the vehicle rollover, the roof above Ms. Pacheco's head collapsed onto her causing her to suffer numerous severe injuries, including a C6-C7 vertebral fracture, skull fractures, and a degloving injury to her scalp. Michael Scott, the driver of the subject Silverado, walked away from the crash with minimal injuries, as the roof structure above his head did not collapse upon him. The following is a photo of the subject Silverado at the scene of the incident:



11.

While Mr. Esbano was responsible for initially causing the contact between the two vehicles that led to the rollover crash, Ms. Pacheco's grievous and debilitating neck and head injuries were the result of the subject Silverado's roof crushing down upon onto her.  Defendant GM designed a defective roof structure and front-occupant compartment (including but not limited to the roof, pillars, doors, and windows) that was unable to withstand the forces of a foreseeable and survivable rollover and that would not protect passengers, including Ms. Pacheco, in the event of a foreseeable rollover crash.

12.

As described more fully below, Defendant GM recklessly placed a defective vehicle into the stream of commerce and failed to warn the public, including Lauren Pacheco, of the defects in the subject Silverado's front-occupant compartment (including but not limited to the roof, pillars, doors, and windows), specifically its failure to adequately protect passengers in the event of a foreseeable rollover crash.  As a direct and proximate cause of the defective front-occupant compartment of the subject Silverado and Defendant GM's failure to warn of those dangers to adult front-seat passengers, the roof panel completely buckled and

collapsed onto Lauren Pacheco, causing her to suffer severe, catastrophic, and permanent spinal and head injuries.

### B. The Defective Roof Design on the Subject Chevrolet Silverado

13.

Defendant GM designed, manufactured, marketed, distributed, and sold the subject Silverado into the stream of commerce.

14.

To Plaintiff's knowledge and belief, the subject Silverado had not been materially altered or modified from its condition as initially designed, manufactured, and placed into the stream of commerce by Defendant GM.  In particular, to Plaintiff's knowledge and belief, no one modified or altered in any way the front-occupant compartment of the subject Silverado (including but not limited to the roof, pillars, doors, and windows) that was designed, manufactured, and placed into the stream of commerce by Defendant GM and its employees and engineers.

15.

It was, at all relevant times, known to Defendant GM that its vehicles needed to be crashworthy during use on the public highways and that it was essential that its vehicles perform without failure so that occupants involved in collisions are

properly protected from grievous injury.  The motor vehicle collision in question, described above, was absolutely foreseeable and well within the speeds and forces in which a vehicle manufacturer should make its vehicles crashworthy.

16.

When Defendant GM designed, tested, and manufactured the subject Silverado, and at all times since then, it knew that pickup trucks, including the subject Silverado, would foreseeably be involved in rollover crashes.  GM also had actual knowledge that rollovers can cause passengers to be struck by various parts of the of the occupant compartment, causing severe injury or death, in the absence of a safe and non-defective occupant protection system (including but not limited to the roof, pillars, doors, and windows).  Defendant GM had this actual knowledge from *inter alia* real-world incidents, its own testing, and literature and research readily available to GM.

17.

Despite that knowledge, Defendant GM designed, manufactured, marketed, and sold the subject Silverado into the stream of commerce knowing that the 2006 Chevrolet Silverado was not crashworthy and was unreasonably dangerous in that its front-occupant compartment (including but not limited to the roof, pillars,

doors, and windows) would not adequately protect passengers in those foreseeable rollover collisions like the one that caused catastrophic injuries to Ms. Pacheco.

18.

Not only did Defendant GM defectively design, manufacture, and sell the 2006 Chevrolet Silverado, it also placed the 2006 Chevrolet Silverado into the stream of commerce without providing adequate warning to consumers that passengers could suffer grievous and debilitating spinal cord and head injuries in foreseeable rollover accidents due to the defective roof structure and front-occupant compartment.

19.

Thus, the design of the front-occupant compartment in the subject Silverado goes beyond mere negligence, particularly in light of GM's knowledge from other incidents, testing, and studies relating to the critical importance of a properly performing front-occupant compartment (including but not limited to the roof, pillars, doors, and windows) in preventing spinal cord injuries and deaths, and constitutes reckless, wanton conduct that demonstrates conscious indifference to the consequences so as to be the equivalent in spirt of actual intent.

20.

Defendant GM is liable to Plaintiff for its reckless and wanton design decisions related to the subject Silverado, and for failing to warn the public in general, and Plaintiff Lauren Pacheco in particular, of the dangers associated with the defectively designed front-occupant compartment (including but not limited to the roof, pillars, doors, and windows) in the subject Silverado.

21.

As outlined below, Defendant GM is liable for the severe and catastrophic injuries that it caused Plaintiff Lauren Pacheco and for Plaintiff's damages in an amount to be determined by the enlightened conscience of the jury, but under any scenario, in an amount exponentially in excess of the minimum amount necessary to confer jurisdiction in this Court.

IV.   LEGAL CLAIMS

**COUNT ONE**

**(GM —Negligent Design Giving Rise to Level
of Reckless and Wanton Misconduct)**

22.

Plaintiff re-alleges all previous paragraphs and incorporates them herein by reference.

23.

As an entity that designs, manufactures, markets, and/or sells vehicles into the stream of commerce, Defendant GM possesses duties of reasonable care to design, test, manufacture, market, and/or sell non-defective, crashworthy vehicles that are reasonably safe for occupants in foreseeable events, including foreseeable rollover collisions, such as the one that occurred in the subject incident.

24.

Plaintiff brings these claims for compensatory damages against Defendant GM for reckless and wanton misconduct and conscious disregard for life, as allowed by Georgia law.  Defendant GM recklessly and/or wantonly designed the subject Silverado and its front-occupant compartment (including the roof, pillars, doors, and windows) and placed the vehicle into the stream of commerce knowing that it would not protect occupants in the event of foreseeable rollover collisions. Defendant GM's actions exceed mere negligence and constitute reckless and wanton misconduct, for which GM is still liable under Georgia law, even though the subject incident occurred more than 10 years after the date of first sale of the 2006 Chevrolet Silverado for use by a consumer.  Georgia's statute of repose does not bar claims when the defendant acted with willful, reckless, or wanton disregard of the dangers of its conduct.

25.

At all relevant times, Defendant knew of the critical importance of a strong,

crashworthy front-occupant protection system.  When Defendant GM designed the

subject Silverado, it knew, or should have known through its own testing, studies,

and other real-world incidents, that the front-occupant compartment (including but

not limited to the roof, pillars, doors, and windows) in the subject Silverado failed

to protect passengers in foreseeable rollover collisions from severe injuries,

including catastrophic spinal cord injuries and death.  With that knowledge,

Defendant GM recklessly and wantonly failed to take steps to design and/or

manufacture the front-occupant compartment (including but not limited to the roof,

pillars, doors, and windows) of the 2006 Chevrolet Silverado in a way that they

knew would be crashworthy and would protect occupants in foreseeable rollover

collisions like the subject incident and, thus, breached its duty of reasonable care.

26.

Defendant GM placed the subject Silverado into the stream of commerce

knowing of the dangers associated with a defective roof structure and knowing that

without proper front-occupant protection systems (including but not limited to the

roof, pillars, windows, and doors), the roof and other parts of the front-occupant

compartment could collapse onto passengers in the vehicle, thereby causing

catastrophic injury and death.  In doing so, Defendant GM acted recklessly and wantonly, consciously disregarding the safety of occupants in Chevrolet Silverado vehicles, like Plaintiff Lauren Pacheco in the subject Silverado.

27.

Defendant GM acted recklessly and wantonly, consciously disregarding the safety of occupants in 2006 Chevrolet Silverado vehicles, in at least the following ways with respect to the subject incident:

(a) Designing, manufacturing, marketing, promoting, advertising, and/or selling the subject Silverado in a manner such that it was not crashworthy in a foreseeable rollover collision such as what occurred here, thereby failing to properly protect belted, front-seat occupants – including specifically Lauren Pacheco – from severe and catastrophic injury in foreseeable rollover incidents;

(b) Designing, manufacturing, marketing, promoting, advertising, and/or selling the subject Silverado with a defective front-occupant compartment (including but not limited to the roof, windows, doors, and pillars) that would crush down onto a properly-belted passenger – including specifically Lauren Pacheco – and cause catastrophic injuries in foreseeable rollover incidents; and

15

(c)  Failing to incorporate reasonable, feasible, economically viable and
technologically available alternative designs in the subject Silverado's
front-occupant compartment (including but not limited to the roof,
pillars, windows, and doors) and roof structure.

28.

By not acting to protect the safety of the consumers and placing profit ahead
of safety, despite actual knowledge of the dangers associated with the front-
occupant compartment (including but not limited to the roof, pillars, windows, and
doors) of the subject Silverado, Defendant GM acted with conscious indifference
to the lives of the public in general and of Lauren Pacheco in particular.  In other
words, GM made intentional and reckless decisions regarding the design of the
subject Silverado, placing the public and Lauren Pacheco in danger and subjecting
GM to liability for compensatory damages suffered as a result.

29.

As a direct and proximate result of Defendant GM's negligent design rising
to the level of wanton and/or reckless conduct, Lauren Pacheco suffered severe,
catastrophic, and permanent injuries and damages in an amount greatly in excess of
this Court's jurisdictional minimum.  Plaintiff seeks recovery of those
compensatory damages from Defendant GM.

## COUNT TWO

### (GM—Failure to Warn)

30.

Plaintiff re-alleges all previous paragraphs and incorporates them herein by reference.

31.

As an entity that designs, manufactures, markets, and/or sells vehicles into the stream of commerce, Defendant GM has a continuing duty to provide the public with sufficient warnings related to its products in order to protect the interests of those reasonably foreseeable users or consumers who would, based on their own reasonable assessments of the risks and benefits, decline product use or consumption.

32.

At all relevant times, Defendant GM knew that the subject Silverado would foreseeably be involved in rollover crashes, such that occupants would need sufficient protection from the front-occupant compartment (including but not limited to the roof, pillars, doors, and windows) during such events.  Specifically, Defendant GM knew, or should have known based on real-world incidents, testing, studies, and the available literature at the time, that a proper-designed front-

occupant compartment (including but not limited to the roof, pillars, doors, and windows) with sufficient strength and structural integrity is critically important to prevent severe injury and harm to occupants in foreseeable rollover collisions. Despite its knowledge of the need for a strong, crashworthy front-occupant compartment, Defendant GM failed to provide it in the subject Silverado.

33.

At the time the subject Silverado was sold for use, it lacked adequate warnings and failed to adequately inform and/or warn consumers, users, and other persons foreseeably affected that the subject Silverado would not sufficiently protect occupants in foreseeable rollover crashes.

34.

Defendant GM knew that it had, at all relevant times, a duty to warn of the dangers inherent in the design of the subject Silverado and its front-occupant compartment.  Yet, GM continued to sell the vehicle to the public and maintained it in the stream of commerce without a recall or remedy of the defects and without adequate warnings.  Thus, Defendant GM breached its duty by failing to provide warnings sufficient to provide a complete disclosure of the existence and extent of the risks involved with using the subject Silverado.

35.

Defendant GM's failure to provide adequate warnings that the subject Silverado and specifically the front-occupant compartment (including but not limited to the roof, pillars, doors, and windows) would not protect occupants in foreseeable rollover collisions and, in fact, created a grave danger to properly-belted occupants, proximately caused Lauren Pacheco's severe and catastrophic injuries. Lauren Pacheco's injuries were a foreseeable consequence of the subject Silverado and/or its defective and unreasonably dangerous front-occupant compartment and Defendant GM's failure to warn of the known issues with the vehicle.

36.

Defendant GM's failure to warn of the dangers referenced in this Complaint precludes the application of any statute of repose as a defense. Georgia's statute of repose does not bar claims when the defendant failed to warn of the dangers which were known to or should have been known to the defendant.

37.

Defendant GM is liable for causing or contributing to the severe and catastrophic injuries of Plaintiff Lauren Pacheco and all damages that are recoverable under Georgia law, in a total amount to be determined by the

enlightened conscience of the jury based upon the evidence at trial, but under any scenario, greater than the amount necessary to confer jurisdiction in this Court.

V.   DAMAGES SOUGHT BY PLAINTIFF

38.

Plaintiff seeks to recover from Defendant GM for every element and category of damages permitted under Georgia law to which she is entitled, including but not limited to:

(a)   Compensatory damages for the past, present, and future medical bills and expenses and other necessary expenses for incident-related injuries in amounts to be shown by the evidence at trial; and

(b)   Compensatory damages for the pain, suffering, anxiety, fright, shock, and terror suffered by Plaintiff Lauren Pacheco, both past and future, as to be demonstrated by the evidence at trial;

(c)   A recovery from Defendant GM for any diminished future income and earning capacity proximately flowing from, substantially caused by, or resulting from the subject incident, as to be shown more fully by the evidence at trial;

(d)     A recovery for the loss of full enjoyment of life suffered and that will

continue to be suffered by Plaintiff Lauren Pacheco in an amount to be

determined by the enlightened conscious of the jury; and

(e)     A recovery for the disfigurement to the body of Lauren Pacheco.

## VI.    PRAYER FOR RELIEF

### 39.

WHEREFORE, Plaintiff respectfully prays for the following relief:

(a)     That summons issue requiring Defendant to appear and Answer this

Complaint as provided by law;

(b)     That Plaintiff has a trial by jury;

(c)     That Plaintiff recovers from Defendants all damages, economic and

non-economic, tangible and intangible, general and special, that are

compensable under Georgia law that are sufficient to compensate fully

and fairly for all losses proximately caused by the tortious acts and

omissions of Defendant, to be determined by the enlightened conscious

of the jury at trial;

(d)     That all costs be taxed against Defendants; and

(e)     For such other and further relief as this Court deems just and proper.

## VII.   PRAYER FOR RELIEF

### 40.

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 6th day of June, 2022.

**CONLEY GRIGGS PARTIN LLP**

*/s/ Richard Griggs*
RICHARD A. GRIGGS
Georgia Bar No. 312212
A. BROOKE BOWEN
Georgia Bar No. 664621
CALE CONLEY
Georgia Bar No. 181080

4200 Northside Parkway, N.W.
Building One, Suite 300
Atlanta, Georgia 30327
Telephone: (404) 467-1155

richard@conleygriggs.com
brooke@conleygriggs.com
cale@conleygriggs.com

Counsel for Plaintiff Lauren Pacheco